IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ANTHONY G. MULLINS,**
**Claimant Below, Petitioner**

**FILED**
**May 22, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-55**          (JCN: 2019006343)

**ALLIED WASTE SERVICES OF NORTH AMERICA,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Anthony G. Mullins appeals the January 12, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Allied Waste Services of North America ("Allied Waste") filed a timely response.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order granting Mr. Mullins a 12% permanent partial disability ("PPD") award.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's Order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On September 19, 2018, Mr. Mullins sustained an injury in the course of and resulting from his employment for Allied Waste when the brakes of the garbage truck he was driving gave out, which resulted in the truck rolling over an embankment. By order dated September 27, 2018, the claim administrator held the claim compensable for lumbar sprain, sprain of the upper back, contusion of the right shoulder, contusion of the forehead, and laceration of the forehead.

---

[1] Anthony G. Mullins is represented by Kenneth P. Hicks, Esq. Allied Waste Services of North America is represented by Maureen Kowalski, Esq.

[2] Although not clear, Mr. Mullins seems to argue that the Board also erred in affirming the claim administrator's order adding an L2 transverse process fracture to the claim insofar as the other compensable conditions in the claim were not listed in that same order. However, we find that such an argument is without merit as the order merely added the fracture to the claim and did not, as Mr. Mullins seems to insinuate, hold the other compensable conditions in the claim to be non-compensable.

Paul Bachwitt, M.D., performed an independent medical evaluation ("IME") of Mr. Mullins and issued a report in October of 2019, noting that Mr. Mullins complained of constant lower back pain, severe headaches, right shoulder pain, and mid back pain. Dr. Bachwitt attributed a right shoulder contusion, a thoracic strain/sprain, and an L2 transverse process fracture to the compensable injury[3] and recommended physical therapy. Later, in January of 2020, Dr. Bachwitt issued a second report, opining that Mr. Mullins had reached maximum medical improvement ("MMI").

In June of 2020, Dr. Bachwitt testified via deposition that, although he had previously determined Mr. Mullins to have reached MMI, he thought it best to reevaluate him again to determine if he was at MMI. Dr. Bachwitt attributed sprains and the L2 transverse process fracture to the work-related injury, but stated he was unaware that a forehead laceration and forehead contusion were compensable in the claim.

Mr. Mullins underwent a second IME, which was performed by Anthony McEldowney, M.D., in July of 2020. Using the diagnosis-related estimate ("DRE") model, Dr. McEldowney assigned Mr. Mullins an 11% impairment rating.

Dr. Bachwitt performed another IME on Mr. Mullins in August of 2020 and determined that he had reached MMI. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("the *Guides*"), Dr. Bachwitt assigned Mr. Mullins a 2% whole person impairment rating for the right shoulder, 5% whole person impairment for the thoracic spine, and 5% whole person impairment for the lumbar spine, which combined to 12%. After application of the combined values chart, the rating remained 12% impairment, which was Dr. Bachwitt's final recommendation. In accordance with Dr. Bachwitt's recommendation, the claim administrator granted Mr. Mullins a 12% PPD award on September 9, 2020. Mr. Mullins protested the order.

Later in September of 2020, Dr. McEldowney reexamined Mr. Mullins and diagnosed him with the same diagnoses as found in the prior examination. Dr. McEldowney provided a new impairment rating of 17%, again using the DRE model.

In March of 2021, Bruce Guberman, M.D., performed an IME on Mr. Mullins. Dr. Guberman opined that Mr. Mullins had reached MMI for the compensable conditions in the claim. Using the *Guides*, Dr. Guberman found 7% impairment for the cervical spine, 7% impairment for the thoracic spine, 8% impairment for the lumbar spine, 5% impairment for the right shoulder, 1% impairment for scarring on the forehead, and 2% impairment for headaches, which totaled 27% impairment.

---

[3] The claim administrator added the L2 transverse process fracture as a compensable condition in the claim by order dated August 20, 2021.

Mr. Mullins underwent a final IME, which was performed by Henry P. Tutt, M.D., in July of 2021. Dr. Tutt opined that Mr. Mullins had reached MMI and, using the *Guides*, assigned Mr. Mullins a 5% whole person impairment rating based upon the L2 transverse process fracture. While Dr. Tutt acknowledged that Mr. Mullins had sustained a contusion and laceration of the forehead, he found that any impairment relating to these injuries long ago resolved and that assigning an impairment rating to them "is completely inappropriate." Subsequently, Drs. Guberman, McEldowney, and Tutt testified via deposition as to their recommendations, and Mr. Mullins testified via deposition as well. Pictures of Mr. Mullins's scar on his forehead were also submitted into evidence.

The Board addressed several issues by order dated January 12, 2023. Relevant to this appeal, the Board found that the claim administrator did not err in granting Mr. Mullins a 12% PPD award in accordance with Dr. Bachwitt's recommendation. The Board found that, although Mr. Mullins claimed that Dr. Bachwitt's recommendation did not account for all of his compensable injuries, the reports of Dr. McEldowney and Dr. Guberman were not reliable. Specifically, the Board noted that Dr. McEldowney failed to use the *Guides* and West Virginia Code of State Rules § 85-20 in providing an impairment rating and instead used the DRE model, which was contrary to the laws of this State. *See* Syl. Pt. 9, *Repass v. Workers' Comp. Div.*, 212 W. Va. 86, 569 S.E.2d 162 (2002) (holding that "any medical examination conducted in accordance with [the DRE] model is invalid and unreliable"). Dr. McEldowney also failed to include a low back exam form as required by West Virginia Code of State Rules § 85-20-66.2 (2006).[4] Moreover, Dr. Guberman included a rating for Mr. Mullins's cervical spine, which was not a compensable component in the claim. The Board further concluded that Mr. Mullins had not submitted any reliable evidence that he was entitled to more than the 12% award as recommended by Dr. Bachwitt and, therefore, affirmed the claim administrator's order. Mr. Mullins now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;

---

[4] West Virginia Code of State Rules § 85-20-66.2 provides that: "A report and opinion submitted regarding the degree of permanent whole body medical impairment as a result of a back injury without a completed back examination form shall be disregarded."

(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Mullins argues that the Board erred in disregarding the opinions of Drs. McEldowney and Guberman when they were the only ones to consider all of Mr. Mullins's compensable conditions in providing an impairment rating. Mr. Mullins argues that Dr. Bachwitt's report should have been held unreliable when he failed to provide an impairment rating for contusion of the forehead and forehead scarring. As such, Mr. Mullins contends that the Board should have relied on the opinion of either Dr. Guberman or Dr. McEldowney.

We disagree and find that Mr. Mullins is entitled to no relief. Mr. Mullins entirely fails to address the Board's findings as to why the reports of Drs. McEldowney and Guberman were unreliable. As noted above, the Supreme Court of Appeals of West Virginia held in *Repass* that the DRE model is invalid and unreliable and cannot be used to provide impairment ratings in this State. 212 W. Va. at 103, 569 S.E.2d at 179. Additionally, Dr. McEldowney failed to include a back examination form which necessarily results in his opinion being disregarded as per West Virginia Code of State Rules § 85-20-66.2. As such, the Board did not err in disregarding Dr. McEldowney's report. Furthermore, the Board did not err in disregarding Dr. Guberman's report as he assigned impairment for the cervical spine, which is not a compensable component in the claim. Left with Dr. Bachwitt's recommendation, the Board found that Mr. Mullins failed to present any reliable evidence that he was entitled to an impairment rating higher than that recommended by Dr. Bachwitt.

Here, we find that the Board's decision does not rise to the level of violating any statutory provision, nor is it clearly wrong in light of the evidence, nor characterized by an abuse of discretion. While Mr. Mullins argues that Dr. Bachwitt failed to rate his impairment for contusion of the forehead and scarring of the forehead, it appears that Dr. Bachwitt found no impairment for these injuries. As noted by Mr. Mullins, Dr. Bachwitt testified in his deposition that he was unaware that contusion of the forehead and laceration of the forehead were compensable conditions. At that point, Dr. Bachwitt became aware that they were compensable in the claim. Subsequent to his deposition, Dr. Bachwitt reexamined Mr. Mullins, discussed his diagnosis of contusion of the forehead and laceration of the forehead in the record review section of his report, and then did not find any impairment for these conditions. Dr. Bachwitt's lack of finding of impairment for these conditions was corroborated by Dr. Tutt, who found no impairment for the conditions and

4

stated finding impairment would be inappropriate. Based on these facts, we cannot find that the Board's decision was erroneous.

Accordingly, we affirm the Board's order affirming the claim administrator's order granting Mr. Mullins a 12% PPD award in accordance with Dr. Bachwitt's recommendation.

Affirmed.

**ISSUED:** May 22, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen